UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 10-3062 |
| 46.26 ACRES OF LAND, ET AL | SECTION: "C" (1) |

### ORDER AND REASONS

Defendant, National Food and Beverage Company, Inc., urges this Court to find that the Government's condemnation of its land was not necessary for the public purpose stated by the Army Corps of Engineers. (Rec. Doc. 12-1 at 2). However, "the judicial role in examining condemnation cases does not extend to determining whether the land sought is actually necessary for the operation of [a] project." *United States v. 2, 606.84 Acres of Land in Tarrant County, TX*, 432 F.2d 1286, 1289 (5th Cir. 1970). Rather, once Congress has authorized a project, any taking associated with that project is for an authorized purpose. *Id.* at 1290.

Here, the Declaration of Taking clearly states that the land in question is necessary "for the construction, repair and rehabilitation of the New Orleans to Venice Hurricane Protection Project." (Rec. Doc. 5-1 at 1). As a result, this Court cannot set aside the taking unless "no reasonable man could conclude that the land sought to be condemned has some association with the authorized project." *United States v. 2, 606.84 Acres of Land in Tarrant County, TX*, 432 F.2d at 1290.

Defendant admits that the government had a use for the land in question that was "rationally related" to the New Orleans to Venice Hurricane Protection Project. (Rec. Doc. 25 at 8). Defendant simply objects to the Government taking a fee simple title to the land because Defendant feels the Government has already accomplished its objectives by excavating clay on the property. *Id.* at 9.

But, this Court has no right to question the Government's decision to take one type of interest in a property rather than another.  *United States v. 2, 606.84 Acres of Land in Tarrant County, TX*, 432 F.2d at 1290.  Furthermore, this Court cannot find that the Government acted in bad faith by taking one type of interest over another, because to do so would require this Court to evaluate whether the challenged interest was necessary to the Government's project, which is an inquiry beyond this Court's limited scope of review.  *Id.*

Since the Government has established that the present taking is associated with a Congressionally authorized project and Defendant has failed to show that the taking was arbitrary or capricious or in bad faith, then the taking cannot be set aside.

Accordingly,

IT IS ORDERED that Defendant's Motion to Stay is DENIED.  (Rec. Doc. 12).

New Orleans, Louisiana, this 22nd day of November, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE