UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 10-3062 |
| 46.26 ACRES OF LAND, ET AL | SECTION: "C" (1) |

### ORDER AND REASONS

Before the Court is Defendant's Motion for Random Allotment. (Rec. Doc. 39). Having considered the memoranda of counsel, the record, and the applicable law, the Motion for Random Allotment is GRANTED for the following reasons.

In 2006, when this Court was serving as Chief Judge of the Eastern District of Louisiana, the U.S. Attorney's Office informed the Court that it anticipated numerous eminent domain cases related to the construction and repair of levees damaged by Hurricane Katrina. The U.S. Attorney's Office expressed concerns that if these condemnation cases were not handled by a uniform procedure then individual property owners could receive inconsistent levels of compensation despite having identical claims. This Court shared these concerns and investigated how other district courts had handled high volumes of condemnation claims stemming from a single government program or natural disaster. The Court discovered that when faced with a large number of condemnation cases stemming from a single government program, some district courts appointed a land commission to determine the amount of just compensation that each affected landowner was entitled to. *See, e.g., U.S. v. 320 Acres of Land*, 605 F.2d 762, 828 (5th Cir. 1979) (ordering district court on remand to appoint a commission to determine the just compensation due to landowners whose land was condemned as part of an extension of Everglades National Park); Fed. R. Civ. P. 71.1(h). More recently the U.S. District Court for the Southern District of Florida appointed a land commission when it was faced with 2,700 condemnation cases stemming from another expansion of Everglades National Park. *U.S. v. 480.00 Acres of Land*, 557 F.3d 1297, 1300 (11th Cir. 2009).

APR 27 2011
REALLOTTED TO
SECT. I

\_\_Fee \_\_\_\_\_
\_\_Process \_\_\_\_\_
X\_Dktd \_\_\_\_\_
\_\_CtRmDep\_\_\_\_\_
\_\_Doc. No.\_\_\_\_\_

Faced with the possibility of a similar number of cases being filed in this district, this Court determined that it would handle all Katrina-related condemnation cases and eventually establish a similar commission to ensure that these claims were handled as uniformly and expeditiously as possible. *See* Fed. R. Civ. P. 71.1(h). The Court then notified the Clerk's Office that all Katrina-related condemnation cases were to be assigned to Section C. However, the rush of Katrina-related condemnation cases never materialized, because the government was able to reach agreements with the majority of affected landowners. As a result, this Court never found it necessary to appoint a land commission. Nevertheless, this Court's standing instructions to the Clerk's Office remain in effect, and the present condemnation case was assigned to this Court pursuant to those instructions. When Defendant learned that its case was not randomly assigned pursuant to Local Rule 3.1, it filed the present Motion.

The Court agrees with Defendant that the reasons justifying this Court's standing instructions no longer exist. Because the anticipated rush of Katrina-related condemnation cases never materialized, this Court finds that Katrina-related condemnation cases should no longer be automatically assigned to Section C and rescinds its standing instructions to the Clerk's Office. In light of Defendant's specific request the matter is ordered to be randomly re-allotted.

Accordingly,

IT IS ORDERED that Defendant's Motion for Random Allotment is GRANTED. (Rec. Doc. 39). This matter shall be randomly re-allotted. This Court's standing instructions for automatic assignment of Katrina-related condemnation cases to Section C are hereby rescinded.

New Orleans, Louisiana, this 27th day of April, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE