# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-3062-CJB-SS** |
| **42.26 ACRES OF LAND, ETC.** | |

## ORDER

UNITED STATES' MOTION FOR PROTECTIVE ORDER (Rec. doc. 87)

**GRANTED IN PART AND DENIED IN PART**

On September 14, 2010, the United States filed a complaint in condemnation. Rec. doc. 1. On October 4, 2010, the defendant, National Food and Beverage Co., Inc. ("National Food"), filed an answer and defenses. Rec. doc. 7. Its motion for a stay was denied on November 23, 2010. Rec. doc. 32. A motion for clarification and reconsideration was granted in part and denied in part on April 11, 2011. Rec. doc. 65.

On November 5, 2010, National Food's motion to open discovery was continued to be reset until after the ruling on the motion to stay. Rec. doc. 31. On June 1, 2011, the motion was denied with the note that a scheduling order would be issued with a deadline for completion of discovery. Rec. doc. 70. National Food served written discovery on July 27, 2011.

On July 26, 2011, the United States filed a motion to strike the defenses and objections to the condemnation of the property as insufficient as a matter of law. Rec. doc. 75. The motion was submitted on August 31, 2011. Rec. docs. 75 and 83. The United States contends that, "even if it were assumed that National Food's allegations in its pleadings were true, the instant taking is still justified, and clearly not arbitrary, capricious nor in bad faith." Rec. doc. 86 at 4. While National Food argues that it needs discovery to respond to the motion, the United States contends that the only viable defense in a condemnation case is that it lacks authority. Id. at 2.

The United States seeks an order relieving it of the need to respond to National Food's discovery until there is a ruling on the motion to strike. National Food argues that the motion should be denied because: (1) there was a nine month hiatus in discovery; (2) there is a critical need for the United States to go on record with the facts surrounding the condemnation before the District Judge rules on the motion to strike; (3) the United States should not have the benefit of a ruling on its motion to strike before responding to discovery. Because of its motion for a stay and motion for reconsideration, National Foods was responsible for part of the hiatus in discovery. The United States' motion to strike is predicated on the assumption that National Food's allegations are true. Discovery is not required on the motion to strike. Discovery should be stayed until after the District Judge rules on the motion to strike.

IT IS ORDERED that:

1. The motion of the United States for protective order (Rec. doc. 89) is GRANTED in PART and DENIED in PART.

2. **Within thirty (30) calendar days of the entry of an order denying its motion to strike** it shall respond fully to National Food's written discovery and submit a privilege log for any documents which the United States contends are protected from disclosure.

New Orleans, Louisiana, this 12th day of September, 2011.

**SALLY SHUSHAN
United States Magistrate Judge**

2